**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

BYRON ABDUL WALKER-MAHDI,
ADC #149318                                                                                          PLAINTIFF

v.                                          1:11-cv-00115-BSM-JTK

DOUG DIXON, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment on his due process claim (Doc. No. 34), and on Defendants' Motion for Summary Judgment, which this Court also construes as their Response to Plaintiff's Motion (Doc. No. 47). Plaintiff filed a Response to Defendants' Motion (Doc. No. 52).

Plaintiff is a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC). He filed this action against Defendants, alleging religious and racial discrimination within the Substance Abuse Treatment Program (SATP) in which

he participated from August, 2011, until October, 2011, at the Grimes Unit. Plaintiff also alleges due process violations and retaliation associated with a disciplinary charge and conviction which resulted in his dismissal from the Program. Plaintiff has sued Defendants in their official capacities for injunctive relief (Doc. No. 2, p. 2).

Plaintiff previously filed a Motion for Preliminary Injunctive Relief (Doc. No. 21), asking the Court to remove the requirement from his parole that he successfully complete the SATP program. Plaintiff claimed Defendants rendered completion of the program impossible, due to their racial and religious discrimination, and their retaliation against him for the filing of this lawsuit. He also claimed his parole was rescinded due to his inability to complete the program.

Following a hearing on this Motion, this Court concluded that Plaintiff presented no showing of a threat of irreparable harm as set forth in <u>Dataphase Systems, Inc. v. CL Systems, Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (en banc), for several reasons (Doc. No. 40).[1] First, Plaintiff acknowledged that he was re-admitted to the SATP program this year, is currently participating in the program at the Wrightsville Unit, and has discontinued complaining about prayer times. Second, Chaplain Muhammad Ameen, the Islamic Coordinator for the State of Arkansas, testified that the Islamic religion gives followers (Plaintiff) the option to make up prayers, and that the break times afforded to the Plaintiff were sufficient to accomplish that purpose. Third, Plaintiff submitted no evidence that

---

[1] The July 11, 2012 Partial Report and Recommendations was approved and adopted by United States District Judge Brian S. Miller on September 19, 2012 (Doc. No. 46).

Defendants failed to provide him sufficient time in which to make up prayers. Fourth, Plaintiff also submitted no evidence to show that Defendants' actions in dismissing him from the program were motivated by religious or racial discrimination.

## II.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Webb, 144 F.3d at 1135, quoting Celotex, 477 U.S. at 324. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.     Exhaustion

In his Motion for Partial Summary Judgment, Plaintiff asks this Court to rule as a matter of law that Defendants violated his due process rights associated with his conviction of a disciplinary charge, which resulted in his initial removal from the SATP program (Doc. No. 35). He claims Defendant Dahlem improperly filed the disciplinary charge against him in retaliation for the filing of grievances against her, that Defendant Dixon forged his signature on the disciplinary hearing action sheet, and that Defendants Maple and Hobbs improperly affirmed his conviction. He claims he was unfairly convicted without any evidence, and that Dixon provided no explanation for his decision, other than to accept the report filed by Defendant Dahlem. Plaintiff claims that due process forbids convictions without "some evidence" to support the charges, and that Dahlem's statement did not constitute "some evidence" to support his removal from the programs, citing Superintendent v. Hill, 472 U.S. 445, 457 (1985).

In their Motion for Summary Judgment (Response) (Doc. No. 47), however, Defendants state that all allegations against Defendants Maples and Hobbs, together with Plaintiff's due process claim against all Defendants concerning his removal from the SATP program, should be dismissed for failure to exhaust, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. The statute mandates complete exhaustion of administrative remedies prior to filing a lawsuit pursuant to 42 U.S.C. § 1983. Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, Defendants note that the ADC grievance requirements include that inmates name all personnel involved when describing their

complaint on the grievance form, and that such instructions are included on all the forms. In support, Defendants submit copies of the two grievances Plaintiff filed (GR-11-01188, and GR-11-01189), which name only Defendants Dahlem and Dixon, and which discuss the racial and religious discrimination claims only. (Doc. No. 49-1, pp. 1-8.)

In his Response to Defendants' Summary Judgment Motion, Plaintiff states that he attaches two grievances to show that he exhausted his administrative remedies with respect to his claims (Doc. No. 52, p. 2.) These are the same two grievances referred to by the Defendants. However, he also attaches a copy of a third exhausted grievance, GR-11-01323, in which he complained about retaliation by Defendants Dahlem and Dixon and the fact that they removed him from the program. (Doc. No. 52, pp. 33-36.)

Based on the submissions of the parties, the Court finds that Defendants Maples and Hobbs should be dismissed for failure to exhaust. According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 532 U.S. 731, 741 n.6 (2001), the United States Supreme Court held that, in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, Eighth Circuit Court of

Appeals held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corr., 201 F.3d 1023, 1025 (8th Cir. 2000). In Johnson v. Jones, 340 F.3d 624, 627-8 (8th Cir. 2003), the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.) Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007), the United States Supreme Court held that, while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

It is clear to the Court that none of the grievances submitted name Defendants Maples and Hobbs. Therefore, they should be dismissed. However, based on the allegations against Defendants Dahlem and Dixon in the third grievance submitted by Plaintiff, the Court finds that he did exhaust his claim against them that they improperly excluded him from the SATP program.

### B.     Racial and Religious Discrimination

In their Summary Judgment Motion, Defendants state that these allegations should be dismissed, based on the evidence submitted at the preliminary injunction hearing, and this Court's conclusions as set forth in its ruling following the hearing. Plaintiff's racial

discrimination claim is based on the fact that in the SATP program certain inmate participants are permitted to monitor their peers and report rule violations in order to promote good behavior. Plaintiff claims that any rule violations filed against him were racially motivated. However, Defendants state that according to testimony presented at the hearing, many of the inmates who charged Plaintiff with rule violations were of his same race, African-American, and that the Court found in its ruling that Plaintiff presented no evidence of racial discrimination.

Similarly, Defendants rely on the evidence and testimony from the preliminary injunction hearing, together with the Court's ruling, to show that Plaintiff was not prevented from praying or otherwise exercising his religious beliefs while participating in the SATP program.

Plaintiff does not further address the racial discrimination claim in his Response to Defendants' Motion. With respect to the religious discrimination claim, Plaintiff restates the allegations he submitted in his motion for preliminary injunctive relief, that Defendants refused to permit him to practice his religion by saying his prayers at certain appointed times during the day.

Considering the Court's prior ruling that Plaintiff submitted no evidence to show that Defendants' actions in dismissing him from the program were racially or religiously-motivated, and that Plaintiff was afforded break times in which to make up his prayers, and absent any additional evidence from Plaintiff, the Court finds as a matter of law that these claims should be dismissed.

### C. Improper Removal from the Program - Due Process

Plaintiff claims a violation of due process by Defendants Dahlem and Dixon with respect to his removal from the program. According to the Motions and Briefs of the parties, and the evidence and testimony submitted at the preliminary injunction hearing, the Court finds that Plaintiff's disciplinary conviction for refusal to complete program assignments was based on "some evidence." Plaintiff's complaint is not that he was deprived of due process procedures, such as notice, the right to a hearing, and witnesses (which are set forth in Wolff v. McDonnell, 418 U.S. 539, 566 (1974)), but that the decision was not supported by any evidence and was in retaliation for the filing of grievances against Defendant Dahlem.

Disciplinary convictions must be affirmed if there is "some evidence" to support the decision, and claims of retaliation fail if the alleged retaliatory disciplinary charges were issued for the actual violation of a prison rule. See Superintendent v. Hill, 472 U.S. at 455, Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir. 1993), and Moore v. Plaster, 266 F.3d 928, 931 (8th Cir. 2001). In this particular case, Plaintiff was charged by Defendant Dahlem with refusal to participate in a treatment program, or violating program rules that result in dismissal from the program, after Plaintiff failed to submit several required assignments (Doc. No. 52, p. 30). Plaintiff was found guilty based on Dahlem's report at the hearing that he did not complete the assignments, despite having been given two extensions (See Doc. No. 40, pp. 5-6.) In Henderson v. Baird, a prison officer's first-hand account of an inmate's misconduct was considered to be "some evidence" to support the violation. 29 F.3d 464, 469 (8th Cir. 1994).

In addition, the Court further notes that Plaintiff does not seek damages against Defendants in their individual or official capacities for any violations of his constitutional rights, but rather, asks for injunctive relief against Defendants in their official capacities only. To the extent that the injunctive relief consists of reinstatement to the SATP program, however, this request appears to be moot.[2] Plaintiff acknowledged at the preliminary injunction hearing that he was reinstated to the SATP program this year (Doc. No. 40, p. 8). In addition, there is no constitutional right to be conditionally released before the expiration of a prisoner's valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). The Arkansas Parole statute, ARK. CODE ANN. § 16-93-201-206 (LexisNexis 2008) establishes only the possibility of parole. Nothing in the Arkansas statues creates a right of an inmate to release on parole which would invoke due process protection. Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979).

Defendants' request for sovereign immunity with respect to Plaintiff's monetary claims against them in their official capacities is misplaced, because Plaintiff did not request damages.[3] Similarly, Defendants' request for qualified immunity with respect to monetary

---

[2]"When a case ... no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994).

[3]"Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available....Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only typ of immunity available is one belonging to the entity itself." Gorman v. Bartch, 152 F.3d 907, 914 (8th Cir. 1998).

claims against them in their individual capacities is misplaced, because Plaintiff did not request damages, and did not sue them in their individual capacities. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 34) be DENIED.

2. Defendants' Motion for Summary Judgment (Doc. No. 47) be GRANTED.

3. Plaintiff's claims against Defendants Dahlem and Dixon be DISMISSED with prejudice.

4. Plaintiff's claims against Defendants Maples and Hobbs be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 6th day of November, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE